IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ENERGY CONTROL TECHNOLOGIES, )
INC., a Florida corporation,              )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )
                                          )
HONEYWELL INTERNATIONAL,                  )
INC., a New Jersey corporation;           )
CHRISTOPHER MATHISON and J.C.             )
LABS, INC., a Florida corporation d/b/a   )
HAWK MICRO,                               )
                                          )
        Defendants.                       )

**05-61426**

**CIV-JORDAN**

C.A. No. _____
                          7 KLEIN

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Honeywell International, Inc.

("Honeywell") apprises the Court of the following facts in support of the removal of a recently-

filed civil action instituted by Energy Control Technologies, Inc. ("ECT"):

1.      ECT is the named plaintiff in a Complaint that was filed in the Circuit Court of

the Seventeenth Judicial Circuit in and for Broward County, Florida on or about July 22, 2005.

2.      The allegations of the Complaint purport to state a literal claim for alleged

misappropriation of "proprietary confidential intellectual property and trade secrets" which ECT

alleges to own in certain computer software.

3.      While the plaintiff's claims are couched in terms of "proprietary and confidential

intellectual property" or "trade secrets," the material allegations of the Complaint include the

allegations that one or more of the defendants obtained a compiled copy of computer software

which was not created or approved by plaintiff and, further, that at least one co-defendant

"copied" the software in alleged violation of rights purportedly owned by ECT (see ¶ 17 of the Complaint).

4.      The establishment of rights in original works of authorship such as computer software, as well as the scope of exclusive rights in any such works, is governed by an express statutory scheme under Title 17 U.S.C. § 1 *et. seq.* ("the Copyright Act").   Among other provisions, the Copyright Act includes express limitations on the scope of exclusive rights in computer programs. *See* 17 U.S.C. § 117.  In addition, the Act contains a provision expressly preempting any other laws governing the establishment of rights, whether legal or equitable, in original works of authorship.  17 U.S.C. § 301.

5.      In light of the material allegations of the Complaint as summarized above, including the material allegations of alleged copying, this Court has original and exclusive jurisdiction over claims asserted by ECT in its Complaint pursuant to 28 U.S.C. § 1338(a).  This Court also has jurisdiction over any additional claims asserted by ECT pursuant to 28 U.S.C. § 1367(a).

6.      Attached hereto are copies of all pleadings that have been served to date in the State court action in accordance with 28 U.S.C. § 1446(a).

7.      Co-Defendants, Christopher Mathison and J.C. Labs, Inc., a Florida corporation d/b/a HAWK MICRO, have been apprised of and consent to this removal; Counsel for Co-Defendants shall be filing their Notice of Consent to Removal under separate cover.

WHEREFORE, Honeywell respectfully submits this Notice of Removal and solicits the acceptance of this matter for further proceedings in the United States District Court for the Southern District of Florida.

Respectfully submitted,

Gregory M. Palmer
Florida Bar No. 784796
Rumberger, Kirk & Caldwell
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, FL 33130-3048
Telephone: (305) 358-5577
Facsimile: (305) 371-7580

Of Counsel:
Blas P. Arroyo
William M. Atkinson
Alston & Bird, LLP
Suite 4000, Bank of America Plaza
101 South Tryon Street
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

Attorneys for Honeywell International, Inc.

CLT01/4739174v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing NOTICE OF REMOVAL was served upon counsel for the plaintiff by depositing a copy thereof in the United States mail, first class, postage prepaid, addressed to:

> Daniel M. Landis, Esq.
> Landis & Mallinger, P.L.
> Compson Financial Center, Suite 302
> 980 North Federal Highway
> Boca Raton, FL 33432
>
> Lynne S. K. Ventry
> Lynne S. K. Ventry, P.A.
> 955-N Northwest 17th Avenue
> Delray Beach, FL 33445

This 25th day of August, 2005.

By Counsel

- 4 -

# 'ERIFIED RETURN OF SERVICE

**State of FLORIDA**      **County of BROWARD**      **Circuit Court**

Case Number: CACE-05-11112-02

Plaintiff:
**ENERGY CONTROL TECHNOLOGIES, INC.**

vs.

Defendant:
**HONEYWELL INTERNATIONAL, INC.**

For:
Daniel Landis, Esq.
LANDIS AND MALLINGER, P.L.
980 N. Federal Highway
Suite 302
Boca Raton, FL 33432

Received by ELISOR INVESTIGATIONS, INC. on the 26th day of July, 2005 at 11:00 am to be served on JC LABS, INC. D/B/A HAWK MICRO SERVE: RESIDENT AGENT: JANET MATHISON,  5381 NW 76TH PLACE, POMPANO BEACH, FL 33073.

I, Ray  Soracco, do hereby affirm that on the **26th day of July, 2005 at 2:10 pm, I:**

**Substitute Served** by leaving a true copy of this **SUMMONS/COMPLAINT/EXHIBITS** with the date and hour of service endorsed thereon by me, at the within named person's usual place of abode, to a person residing therein who is 15 years of age or older to wit: CHRIS/HUSBAND and informing said person of the contents thereof.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served, in accordance with Rule 1.410 (c). Also, I declare that I have read the foregoing verified return of service and the facts stated are true and correct,to the best of my knowlededge and belief.

_____
**Ray  Soracco**
Sps # 220

**ELISOR INVESTIGATIONS, INC.**
**9141 S.W. 1st Place**
**Boca Raton, FL  33428**
**(954) 254-7500**

Our Job Serial Number: 2005000878

 EXHIBIT "A"

071805(litigation/combs-mathison-summons-jclabs)

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 05011112

FLORIDA BAR NO.: 798266

ENERGY CONTROL TECHNOLOGIES,
INC., a Florida corporation,

     Plaintiff,

vs.                                                          SUMMONS

HONEYWELL INTERNATIONAL, INC., a
New Jersey corporation; CHRISTOPHER
MATHISON and J.C. LABS, INC., a Florida
corporation, d/b/a HAWK MICRO,

     Defendants.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint filed in this action on Defendant:

JC LABS, INC., a Florida corporation
d/b/a HAWK MICRO

By serving
its Resident Agent:      Janet Mathison
                        5381 Northwest 76th Place
                        Pompano Beach, FL  33073

Each Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorney, whose address is:

DANIEL M. LANDIS, ESQ.
Landis & Mallinger, P.L.
980 North Federal Highway, Suite 302
Boca Raton, FL 33432
Telephone: (561) 391-5506

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

Dated on _____ _____, 2005.

JUL 22 2005

CLERK OF CIRCUIT COURT,
BROWARD COUNTY, FL
As Clerk of the Court

By _____
As Deputy Clerk

## VERIFIED RETURN OF SERVICE

*Tanya Munn*

**State of FLORIDA**          **County of BROWARD**          **Circuit Court**

Case Number: CACE-05-11112-02

Plaintiff:
**ENERGY CONTROL TECHNOLOGIES, INC.**

vs.

Defendant:
**HONEYWELL INTERNATIONAL, INC.**

For:
Daniel Landis, Esq.
LANDIS AND MALLINGER, P.L.
980 N. Federal Highway
Suite 302
Boca Raton, FL 33432

Received by ELISOR INVESTIGATIONS, INC. on the 26th day of July, 2005 at 11:00 am to be served on
**CHRISTOPHER MATHISON, C/O J.C. LABS, INC., 5381 NW 76TH PLACE, POMPANO BEACH, FL 33073.**

I, Ray Soracco, do hereby affirm that on the 28th day of July, 2005 at 2:10 pm, I:

**Individually Served** the within named person with a true copy of this **SUMMONS/COMPLAINT/EXHIBITS** with the
date and hour endorsed thereon by me, pursuant to State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in
good standing, in the judicial circuit in which the process was served, in accordance with Rule 1.410 (c). Also, I
declare that I have read the foregoing verified return of service and the facts stated are true and correct, to the best
of my knowledge and belief.

**Ray Soracco**
Sps # 220

**ELISOR INVESTIGATIONS, INC.**
**9141 S.W. 1st Place**
**Boca Raton, FL 33428**
**(954) 254-7500**

Our Job Serial Number: 2005000877

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5l

071805(litigation/combs-honeywell/summons-mathison)

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: _____ 05011112

FLORIDA BAR NO.: 798266

ENERGY CONTROL TECHNOLOGIES, INC.,
a Florida corporation,

       Plaintiff,

vs.

HONEYWELL INTERNATIONAL, INC.,
a New Jersey corporation; CHRISTOPHER
MATHISON and J.C. LABS, INC., a Florida
corporation d/b/a HAWK MICRO,

       Defendants.
_____/

SUMMONS
PERSONAL SERVICE ON A
NATURAL PERSON

TO:  MR. CHRISTOPHER MATHISON
      c/o J. C. Labs, Inc.
      5381 Northwest 76th Place
      Pompano Beach, FL 33073

*7/26/05  2:10 P.M*

      A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of the Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do *not file your* response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aide office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below:

DANIEL M. LANDIS, ESQ.
LANDIS & MALLINGER, P.L.
Compson Financial Center, Suite 302
980 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 391-5506

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint filed in this lawsuit on the above named Defendant.

Dated on the _____ day of _____, 2005.

JUN 2 3 2005

CLERK OF CIRCUIT COURT,
BROWARD COUNTY, FLORIDA
As Clerk of the Court.

By
As Deputy Clerk



# CIVIL COVER SHEET

(complain\coversheet-broward)

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload date pursuant to Florida Statute 25.075.

I.   CASE STYLE

Circuit Court,
(Name of Court)Broward County, Florida

Case #: _05011112_

_02_

Plaintiff:  ENERGY CONTROL TECHNOLOGIES, INC., a Florida corporation

v.

Defendant:  HONEYWELL INTERNATIONAL, INC., a New Jersey corporation, et al.

II.  TYPE OF CASE
OTHER CIVIL

   xx   Violation of Trade Secrets and Injunctive Relief.

III.  Is Jury Trial Demanded in Complaint?

No.

DATE: _7/27/05_

SIGNATURE OF ATTORNEYS
FOR PARTY INITIATING ACTION

DANIEL M. LANDIS, ESQ.
Florida Bar No.: 798266
LANDIS & MALLINGER, P.L.
Compson Financial Center, Suite 302
980 North Federal Highway
Boca Raton, Florida  33432
Telephone: (561) 391-5506

| Miami Review | Broward Review | Palm Beach Review |
|---|---|---|
| P.O. Box 010589 | P.O. Box 14366 | P.O. Box 66 |
| Miami, Florida | Ft. Lauderdale, FL | W. Palm Beach, FL |
| 33101-0589 | 33302-4366 | 33402-0066 |
| (305) 377-3721 | (954) 463-1432 | (561) 832-0386 |

071805(litigation/combs/Honeywell/complaint)

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

05011112

CASE NO.: _____

FLORIDA BAR NO.: 798266

ENERGY CONTROL TECHNOLOGIES, INC.,
a Florida corporation,

      Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC.,
a New Jersey corporation, CHRISTOPHER
MATHISON and J.C. LABS, INC., a
Florida corporation d/b/a HAWK MICRO,

      Defendants.

_____/



## COMPLAINT

    PLAINTIFF, ENERGY CONTROL TECHNOLOGIES, INC., a Florida corporation (hereinafter referred to as "PLAINTIFF"), by and through its undersigned counsel, Landis & Mallinger, P.L., files herewith its Complaint against the DEFENDANTS, HONEYWELL INTERNATIONAL, INC., a New Jersey corporation (hereinafter referred to as "HONEYWELL), CHRISTOPHER MATHISON (hereinafter referred to as "MATHISON") and J.C. LABS, INC., a Florida corporation d/b/a HAWK MICRO (hereinafter referred to as "J.C. LABS") (all Defendants named herein may at times be collectively referred to as "DEFENDANTS") and states:

### GENERAL ALLEGATIONS

1.    That this is an action for damages in excess of $15,000.00.

2.    That PLAINTIFF is a corporation organized and existing pursuant to the laws of the State of Florida and with its principal office located in Broward County, Florida.

i

3.      That upon information and belief, DEFENDANT, HONEYWELL, is a New Jersey corporation authorized to do business in the State of Florida and with offices located in various counties throughout the State of Florida.

4.      That upon information and belief, DEFENDANT, CHRISTOPHER MATHISON, is an individual whose principal place of residence is located in Broward County, Florida.

5.      That upon information and belief, DEFENDANT, J.C. LABS, is a corporation organized and existing pursuant to the laws of the State of Florida and with its principal office located in Broward County, Florida.

6.      That venue is proper pursuant to Chapter 47, Florida Statutes.

7.      That PLAINTIFF has retained the law firm of Landis & Mallinger, P.L. and has agreed and become obligated to pay them a reasonable attorneys' fee for services rendered in these proceedings.

8.      That all conditions precedent to the filing of this action have occurred, have been met or are met by the filing of this action.

COUNT I

CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS

9.      PLAINTIFF repeats and realleges the allegations set forth in Paragraphs 1 through 8 above as if same were fully set forth herein.

10.     This is an action against DEFENDANTS for their conspiracy to misappropriate PLAINTIFFS' proprietary and confidential intellectual property and trade secrets.

11.     That MATHISON is a stockholder of PLAINTIFF, owning thirty percent (30%) of its stock. Further, MATHISON, was an employee of PLAINTIFF from approximately May, 1989 through February, 2003. During the time of his employment, MATHISON, performed research underlying the development of the technology at issue in these proceedings.

12.     This case involves a malicious attempt collectively by DEFENDANTS to steal PLAINTIFFS' proprietary and confidential intellectual property and trade secrets to develop special

2

software programs to avoid purchasing PLAINTIFF's software and/or software versions required to manage PLAINTIFF's facility automation systems.

13. The pressing reason for DEFENDANTS' trade secret theft was to obtain and maintain a lucrative facility automation monitoring contract with Saks Department Stores, who had been utilizing the equipment developed and installed by PLAINTIFF. PLAINTIFF owns the source code needed to Develop and create the special program titled "ECT Master Gateway Alarm Monitor" to monitor PLAINTIFF's equipment and to avoid contracting and paying PLAINTIFF for the right to utilize its source code, DEFENDANTS conspired to embark upon a course of industrial espionage through which they misappropriated PLAINTIFF's intellectual property, trade secrets and licensed EnviroCom software.

14. HONEYWELL, on one hand, and MATHISON, on the other hand, entered into a conspiracy to:

A. Breach the fiduciary duty and contractual duties owed to PLAINTIFF by MATHISON to maintain the confidentiality of information and to protect the intellectual property owned by PLAINTIFF to which he had access while an employee of PLAINTIFF.

B. Breach the duty of good faith owed by HONEYWELL to PLAINTIFF to refrain from stealing trade secrets and source code from PLAINTIFF during their negotiations regarding the licensing of PLAINTIFF's technology.

C. Tortiously interfere with PLAINTIFF's existing contractual relationships; and

D. Misappropriate PLAINTIFF's intellectual property, trade secrets and/or confidential information.

15. The objective of this conspiracy was to establish for HONEYWELL the ability to acquire licensed software without payment of the fees required, and using confidential and proprietary intellectual property owned by PLAINTIFF. Specifically, PLAINTIFF maintains that MATHISON provided HONEYWELL with a program titled "ECT Master Gateway Alarm Monitor" software, which could have only been done by illegally utilizing the source code owned by PLAINTIFF. Moreover,

3

PLAINTIFF maintains that this program, and others, were illegally created by MATHISON and are currently being utilized for ongoing facility automation monitoring and management of Sak's retail stores.

16.    That upon information and belief, some time after May 27, 2004, HONEYWELL obtained a compiled, executable version of licensed EnviroCom Software which had not been created or approved by PLAINTIFF and could only have been created by utilizing PLAINTIFF's proprietary source code which is protected by Florida trade secret laws.

17.    That upon information and belief, HONEYWELL has copied the illegal EnviroCom Version 2.6(e) software on various computers used by their global response center, in direct violation of applicable licensing agreements without purchasing the license to operate or install the EnviroCom software.

18.    That upon information and belief, DEFENDANTS, and their agents and employees, have aided and abetted each other in these tortious acts. As a result of their conduct, conspiracy and scheme, DEFENDANTS are jointly and severally liable for the damages sustained by PLAINTIFF.

19.    As a direct and proximate result of the DEFENDANTS' above-described conduct, they have caused financial damages to PLAINTIFF and have been unjustly enriched.

20.    That DEFENDANTS are jointly and severally liable to PLAINTIFF for actual damages which will include, but not be limited to, lost profits, remedial effort costs, and the reduction of PLAINTIFF's capital value.

21.    This conspiracy was formed intentionally, willfully and with the purpose of harming PLAINTIFFS and benefiting DEFENDANT.

WHEREFORE, PLAINTIFF, ENERGY CONTROL TECHNOLOGIES, INC., a Florida corporation, respectfully requests judgment against DEFENDANTS, HONEYWELL GLOBAL RESPONSE SERVICE CENTER, a New Jersey corporation, CHRISTOPHER MATHISON and J.C. LABS, INC., a Florida corporation d/b/a HAWK MICRO, jointly and severally, for the *following* relief:

4

A.      An accounting of all revenue derived by DEFENDANTS in connection with their monitoring activities.

B.      Damages in an amount equal to the actual losses sustained by PLAINTIFF's because of DEFENDANTS' conspiracy, plus the actual profits realized by DEFENDANTS as a result of the conspiracy complained of.

C.      The right to assert a claim for punitive damages against DEFENDANTS upon a proper showing as required under Florida law.

D.      For reasonable attorneys' fees and costs of suit.

E.      For such other, further and different relief as the Court may deem just and proper in the premises.

## COUNT II

### INJUNCTIVE RELIEF

22.     PLAINTIFF repeats and realleges the allegations set forth in Paragraphs 2 through 8 above as if same were fully set forth herein.

23.     This is an action for injunctive relief under Section 688.003, Florida Statutes, to enjoin the use of trade secrets, for an accounting, and for exemplary damages.

24.     During the course of MATHISON's employment with PLAINTIFF, he was actively involved in the research and development of facility management products such as software and hardware. More importantly, when MATHISON left PLAINTIFF's employ, he illegally retained the source code for the master controller, the master gateway development system, EnviroCom front end software and, despite repeated demands for the return of same, failed to do so. PLAINTIFF maintains that HONEYWELL and MATHISON utilized PLAINTIFF's source code to create "ECT Master Gateway Alarm Monitor" software and an executable illegal version of EnviroCom software, both of which are currently being used to manage various Sak's and Belk's Department Stores.

25.     That MATHISON has breached his duty to maintain the secrecy of PLAINTIFF's trade secrets, primarily PLAINTIFF's source code.

5

26. That HONEYWELL and MATHISON then conspired to appropriate to their own use the confidential and secret information acquired by MATHISON, during the course of his employment with PLAINTIFF. HONEYWELL and MATHISON have used this information for their own purposes and to the prejudice of PLAINTIFF and its business of researching and developing facility automation systems.

27. That HONEYWELL and MATHISON knew MATHISON had a duty to maintain the secrecy of PLAINTIFF's trade secrets.

28. That HONEYWELL's and MATHISON's misappropriation of PLAINTIFF's trade secrets and intellectual property (source code) was willful and malicious.

29. HONEYWELL and MATHISONS' acts have resulted, and will continue to result, in DEFENDANTS' unjust enrichment. The DEFENDANTS' use of such secret and confidential information has and will continue to damage PLAINTIFF's business and business interests.

30. HONEYWELL and MATHISON, unless restrained, will continue to be unjustly enriched to PLAINTIFF's prejudice and damage.

WHEREFORE, PLAINTIFF, ENERGY CONTROL TECHNOLOGIES, INC., a Florida corporation, respectfully requests judgment against DEFENDANTS, HONEYWELL GLOBAL RESPONSE SERVICE CENTER, INC., a New Jersey corporation, CHRISTOPHER MATHISON, and J.C. LABS, INC., a Florida corporation d/b/a HAWK MICRO, jointly and severally, as follows:

A. A preliminary and permanent injunction restraining the DEFENDANTS from further disclosing or using PLAINTIFF's confidential trade secrets, predominantly, PLAINTIFF's source code.

B. Awarding damages in an amount equal to the actual losses sustained by PLAINTIFF as a result of DEFENDANTS' use of the confidential and secret information.

C. An accounting of DEFENDANTS' profits and an amount equal to any such profits realized by DEFENDANTS as a result of the misappropriation of PLAINTIFF's trade secrets and intellectual property that are not taken into account in computing PLAINTIFF's actual losses.

6

     D.     Exemplary damages for DEFENDANTS' willful and malicious misappropriation of PLAINTIFF's trade secrets.

     E.     For reasonable attorneys' fees pursuant to Section 688.005, Florida Statutes and costs of suit.

     F.     For such other, further and different relief as this Court may deem just and proper in the premises.

DATED this 22nd day of July, 2005.

> LANDIS & MALLINGER, P.L.
> Attorneys for PLAINTIFF
> Compson Financial Center, Suite 302
> 980 North Federal Highway
> Boca Raton, Florida 33432
> Telephone: (561) 391-5506
>
> By:_____
>     DANIEL M. LANDIS, ESQ.

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 05 - 61426

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

ENERGY CONTROL TECHNOLOGIES, INC.

**DEFENDANTS**

CIV-JORDAN

HONEYWELL INTERNATIONAL, INC., a New Jersey corporation; CHRISTOPHER MATHISON, and J.C. LABS, INC., a Florida corporation d/b/a HAWK MICRO

I KLEIN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **New Jersey**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Daniel M. Landis, Esquire
Landis & Mallinger, P.L.
Compson Financial Center, Suite 302
980 North Federal Highway
Boca Raton, FL 33432

ATTORNEYS (IF KNOWN)

Gregory M. Palmer, Esquire
Rumberger, Kirk & Caldwell
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, FL 33130-3048
Telephone:  (305) 358-5577
Facsimile:  (305) 371-7580

Broward | CS-61426-CV-Jordan/Klein

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS, VOLUSIA

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR Plaintiff
(For Diversity Cases Only)                                           AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify) (Transferred from)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Appeal to Distric

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B◻ 610 Agriculture | ◻ 422 Appeal 28 USC 158 | ◻ 400 State Reapportionment |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 362 Personal Injury — Med Malpractice | B◻ 620 Other Food & Drug | ◻ 423 Withdrawal 28 USC 157 | ◻ 410 Antitrust |
| ◻ 130 Miller Act | ◻ 315 Airplane Product Liability | ◻ 365 Personal Injury — Product Liability | B◻ 625 Drug Related Seizure of Property 21 USC 881 | | ◻ 430 Banks and Banking |
| ◻ 140 Negotiable Instrument | ◻ 320 Assault, Libel & Slander | ◻ 368 Asbestos Personal Injury Product Liability | B◻ 630 Liquor Laws | **PROPERTY RIGHTS** | B◻ 450 Commerce/ICC Rates/etc |
| ◻ 150 Recovery of Overpayment & Enforcement of Judgment | ◻ 330 Federal Employers' Liability | | B◻ 644 R.R. & Truck | X 820 Copyrights | ◻ 460 Deportation |
| ◻ 151 Medicare Act | ◻ 340 Marine | **PERSONAL PROPERTY** | B◻ 650 Airline Regs | X 830 Patent | ◻ 470 Racketeer Influenced and Corrupt Organizations |
| B◻ 152 Recovery of Defaulted Student Loans (Excl/ Veterans) | ◻ 345 Marine Product Liability | ◻ 370 Other Fraud | B◻ 660 Occupational Safety/Health | X 840 Trademark | ◻ 810 Selective Service |
| ◻ 153 Recovery of Overpayment of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 371 Truth in Lending | B◻ 690 Other | **SOCIAL SECURITY** | ◻ 850 Securities/Commodities/ Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle Product Liability | ◻ 380 Other Personal Property Damage | **LABOR** | ◻ 861 HIA (1395ff) | ◻ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ◻ 360 Other Personal Injury | ◻ 385 Property Damage Product Liability | ◻ 710 Fair Labor Standards Act | ◻ 862 Black Lung (923) | ◻ 891 Agricultural Acts |
| ◻ 195 Contract Product Liability | | | | ◻ 863 DIWC/DIWW(405(g)) | ◻ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 720 Labor/Mgmt. Relations | ◻ 864 SSID Title XVI | ◻ 893 Environmental Matters |
| ◻ 210 Land Condemnation | ◻ 441 Voting | B◻ 510 Motions to Vacate Sentence | ◻ 730 Labor/Mgmt. Reporting & Disclosure Act | ◻ 865 RSI (405(g)) | ◻ 894 Energy Allocation Act |
| B◻ 220 Foreclosure | ◻ 442 Employment | **HABEAS CORPUS** | | **FEDERAL TAX SUITS** | ◻ 895 Freedom of Information Act |
| ◻ 230 Rent Lease & Ejectment | ◻ 443 Housing/ Accommodations | B◻ 530 General | ◻ 740 Railway Labor Act | A◻ 870 Taxes (U.S. Plaintiff or Defendant) | ◻ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ◻ 240 Torts to Land | ◻ 444 Welfare | A◻ 535 Death Penalty | ◻ 790 Other Labor Litigation | A◻ 871 IRS – Third Party 26 USC 7609 | ◻ 950 Constitutionality of State Statutes |
| ◻ 245 Tort Product Liability | ◻ 440 Other Civil Rights | B◻ 540 Mandamus & Other | ◻ 791 Empl. Ret Inc Security Act | | ◻ 890 Other Statutory Actions A OR B |
| ◻ 290 All Other Real Property | | B◻ 550 Civil Rights | | | |
| | | B◻ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Notice of Removal based on 28 U.S.C. §1441(b), 1446, 1338 (a), and 1367(a). Action:  Alleged copyright, patent and/o
trademark infringement.

$250.00   926363

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN**     CHECK IF THIS IS A   **DEMAND in Excess of $15,000.00 exclusive of interest, costs and attorney's**

**fees**     Check YES only if demanded in complaint

     **COMPLAINT:**     ☐ UNDER F.R.C.P. 23                                            **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S)**   (See instructions)     **IF ANY**             JUDGE __DOCKET NUMBER _

DATE                       SIGNATURE OF ATTORNEY OF RECORD

**8/25/05**

**FOR OFFICIAL USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG JUDGE_____

# 368838

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings, and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party.

IV.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to other district courts under Title 28 U.S.C., Section 441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407 When this box is checked, do not check (5) above.

Appeal to the District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS-44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# 295506