UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 05-61426-CIV-JORDAN

| | |
|---|---|
| ENERGY CONTROL TECHNOLOGIES, INC. | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | )<br>) |
| HONEYWELL INTERNATIONAL, INC., et al. | )<br>)<br>) |
| Defendants | )<br>) |

**CLOSED CIVIL CASE**

### ORDER GRANTING MOTION TO REMAND

For the reasons which follow, Energy Control's motion to remand [D.E. 9] is GRANTED. The clerk is directed to send a certified copy of the entire file to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

Energy Control's complaint alleges a conspiracy to violate Florida's trade secrets statute, Fla. Stat. § 688.02 et seq. The complaint alleges that Mr. Mathison, a 30% stockholder and employee of Energy Control, performed research on certain technology during his employment; that the defendants conspired to steal Energy Control's "proprietary and confidential intellectual property and trade secrets to develop special software programs to avoid purchasing [Energy Control's] software . . . required to manage [Energy Control's] facility automation systems;" that the defendants' need for the theft of the trade secrets was to obtain a lucrative contract with Saks Department Stores, which had been utilizing the equipment developed and installed by [Energy Control]; that the defendants embarked on a course of "industrial espionage" in order to avoid contracting with and paying Energy Control for its source code; that Honeywell and Mr. Mathison conspired to, among other things, (1) have Mr. Mathison breach the fiduciary duties owed to Energy Control to "maintain the confidentiality of information and to protect the intellectual property" of Energy Control to which Mr. Mathison had access as an employee, and (2) misappropriate Energy Control's intellectual



property, trade secrets, and/or confidential information (such as its source code); that Mr. Mathison provided Honeywell with a program titled "ECT Master Gateway Alarm Monitor," which could only have been "done by illegally using the source code owned by [Energy Control];" that after May 27, 2004, Honeywell obtained a compiled, executable version of licensed EnviroCom software which had not been created by Energy Control and which could only have been created by utilizing Energy Control's "proprietary source code which is protected by Florida trade secret laws;" and that Honeywell has unlawfully copied the illegal EnviroCom software on various computers used by its global response center.

There are no federal claims in the complaint. The defendants nevertheless removed the case to federal court on the theory that Energy Control's claim was preempted by federal copyright law. *See* 28 U.S.C. § 1338(a). After review of the parties' memoranda, I agree with Energy Control that its Florida trade secrets claim is not preempted by federal copyright law.

"Under [28 U.S.C. § 1331], federal courts have federal-question jurisdiction over suits 'in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense. But the federal question need not be statutory; federal common law will suffice." *Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1308-09 (11th Cir. 2001) (citations omitted). Normally, a plaintiff is the master of its own complaint, and is "free to avoid federal jurisdiction by pleading only state law claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). A plaintiff, however, cannot avoid federal jurisdiction if federal law completely preempts the state law claim or if the state law claim raises substantial issues of federal law. *See Dunlap v. G & L Holding Corp.*, 381 F.3d 1285, 1290 (11th Cir. 2004). For there to be a "substantial" question of federal law, federal law must be an essential element of the state law claim. The mere fact that proof of a violation of federal law is an element of the state law claim is insufficient. *See id.* at 1290, 1292.

The Eleventh Circuit has used the "extra element" test to determine whether a given state law claim is preempted by federal copyright law. If the state law claim requires proof of an element that is not required under copyright law, and makes the state law claim qualitatively different from a

copyright claim, the state law claim is not preempted. *See Foley v. Lunster*, 249 F.3d 1281, 1285-86 (11th Cir. 2001); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996). Using this test, the Eleventh Circuit has said that it has "no doubt that the Florida trade secrets statute . . . satisfies the 'extra element' test generally employed by courts in performing copyright preemption analysis," *Bateman*, 79 F.3d at 1549, due to the need to show a confidential relationship. Other courts and commentators have come to the same conclusion about state trade secrets laws. *See, e.g., Strombaugh v. New Line Cinema*, 384 F.3d 283, 303-06 (6th Cir. 2004); *Dun & Bradstreet Software Services, Inc. v. Grace Consulting*, 307 F.3d 197, 218 (3d Cir. 2002); *Computer Associates v. Altai*, 982 F.2d 693, 717 (2d Cir. 1992); 1 M. Nimmer & D. Nimmer, Nimmer on Copyright § 1.01[B][1][h] (2004).

In this case, Energy Control has pled a confidential relationship with Mr. Mathison, its shareholder and former employee, and the existence of a fiduciary duty on the part of Mr. Mathison to keep confidential its intellectual property and trade secrets (e.g., the source code). Energy Control has also pled that Honeywell and Mr. Mathison conspired to steal or misappropriate its trade secrets for Honeywell's financial advantage. The thrust of the complaint is that the defendants conspired to steal Energy Control's source code. *See* Complaint at ¶¶ 13-16. That the defendants may also have copied or created copyrighted software by using the source code does not lead to a finding of federal preemption, nor does it demonstrate that there are "substantial" issues of federal law. Indeed, Energy Control may prevail on its claim that the defendants stole or misappropriated its source code – a trade secret – even if it does not prove that there was illegal copying of software. Simply put, there is no preemption or "substantial" question of federal law. *See Montage Group, Ltd. v. Athle-Tech Computer Systems, Inc.*, 889 So.2d 180, 192 (Fla. 2d DCA 2004). I have considered the defendants' argument that Energy Control is merely using artful pleading to avoid federal jurisdiction, but I do not think that is the case under the facts alleged.

This case is CLOSED.

Done and ordered in chambers at Miami, Florida, this 21st day of December, 2005.

_____
Adalberto Jordan
United States District Judge

Copies to Magistrate Judge Klein and counsel of record